HALL et ux. v. HANKEY.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1909.)

No. 1,493.

DEEDS (§ 128*)—CONSTRUCTION—ESTATES CREATED—APPLICATION OF RULE IN SHELLEY'S CASE.

A deed "by and between [the grantors], the party of the first part, and James A. Hall and Mary Hall, his wife, during their or either of their natural lives, and in fee to the heirs of the said Hall and his wife, the party of the second part," conveying real estate "unto the said party of the second part, their heirs and assigns, forever," by unmistakable implication limits the heirs taking to the particular heirs of the grantees named as husband and wife, that is, to the issue of the marriage, and the rule in Shelley's Case does not apply, under the law of Illinois, where such rule is in force as a rule of property; but as, under the statute, the grantee of a fee tail takes a fee simple, Hall and wife took life estates, and the fee simple vested in their children as tenants in common.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 413–415; Dec. Dig. § 128.*]

Appeal from the Circuit Court of the United States for the Eastern District of Illinois.

Suit in equity by Jennie H. Hankey against George L. Hall and Mary A. Hall. Decree for complainant, and defendants appeal. Affirmed.

J. B. Mann, for appellants.

W. M. Acton and J. H. Dyer, for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. The suit involved the construction of a deed made and entered into "by and between John C. Culver and Harriet M. Culver, his wife, the party of the first part, and James A. Hall and Mary Hall, his wife, during their or either of their natural lives, and in fee to the heirs of the said Hall and his wife, the party of the second part." "The said party of the first part" conveyed "unto the said party of the second part, their heirs and assigns," certain lands in Illinois, "to have and to hold said lands * * * unto the said party of the second part, their heirs and assigns, forever." At the time of the execution of the deed James A. Hall and Mary Hall were husband and wife, and had two children as the fruit of their marriage. Subsequently another child was born to them.

The Circuit Court held that under the law of Illinois (which, of course, was controlling) James A. Hall and Mary Hall took life estates only, and that the fee simple vested in their three children as tenants in common. Appellants contend that the deed conveyed the fee simple to James A. Hall and Mary Hall as tenants in common.

In Illinois the rule in Shelley's Case is in force as a part of the common law. It is not a canon of construction. It is a rule of property. If the wording of an instrument brings it within the rule, the rule applies, even though the grantor explicitly directs that it shall not apply.

In Illinois estates tail have been abolished by statute. .The grantee of a fee tail takes a fee simple.

Appellants insist that James A. and Mary Hall are the only persons named as grantees. The granting clause, and likewise the habendum, runs "unto the said party of the second part." Referring to the description of "the party of the second part," we think the deed clearly means the same as if the granting clause had been worded, "unto James A. Hall and Mary Hall, his wife, during their or either of their natural lives, and in fee to the heirs of the said Hall and his wife." Beacroft v. Strawn, 67 Ill. 28; Griswold v. Hicks, 132 Ill. 494, 24 N. E. 63, 22 Am. St. Rep. 549.

Even so, appellants say, the word "heirs" requires that the rule in Shelley's Case be applied. On examining the above-stated granting clause in its entirety, it seems quite apparent to us that there is no naming of the general heirs of James A. Hall and the general heirs of Mary Hall. If a conveyance is made "to John Doe and Richard Roe for life, and then to their heirs," the wording unquestionably refers to the general heirs of Doe and the general heirs of Roe, and consequently the rule in Shelley's Case applies, no matter what was the grantor's actual intention. But here the existing marriage relationship between James A. and Mary Hall is conspicuously stated in connection with the word "heirs." The fee is not to go to the heirs of James A. Hall and Mary Hall as James and Mary, but to the heirs of husband and wife; that is, to the issue of their marriage, to the heirs by them begotten. Words of procreation are not indispensable in establishing an estate tail. If the unmistakable implication limits the heirs to particular bodies, that is sufficient. Lehndorf v. Cope, 122 Ill. 317, 13 N. E. 505; Atherton v. Roche, 192 Ill. 252, 61 N. E. 357, 55 L. R. A. 591. As we find that there was a limitation to particular heirs, there is no basis for the application of the rule in Shelley's Case.

The decree is affirmed.